# In the United States Court of Federal Claims

No. 23-330 C

(Filed: May 12, 2023)

```
* * * * * * * * * * * * * * * * *   *
                                    *
PIEDMONT PROPULSION                 *
SYSTEMS, LLC,                       *
                                    *
                                    *
                Plaintiff,          *
                                    *
      v.                            *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
      and                           *
                                    *
AIRCRAFT PROPELLER SERVICE,         *
LLC                                 *
                                    *
                Defendant-Intervenor. *
                                    *
* * * * * * * * * * * * * * * * *   *
```

## MEMORANDUM OPINION

On May 10, 2023, the Government filed a motion to remand one out of the eight grounds raised in Plaintiff's complaint "to the United States Coast Guard for 27 days (until June 6, 2023) to conduct an investigation into the allegations of organizational conflict of interest (OCI) contained in the amended complaint and motion for judgment on the administrati[ve] record of plaintiff." ECF No. 33 at 1. According to the Government, "[a] remand here is in the interests of justice because it would allow the Coast Guard to consider Piedmont's OCI allegations, document its analysis, and determine whether appropriate remedial measures should be taken." *Id*. at 2. Plaintiff opposes the Government's motion asserting, *inter alia*, that it will be prejudiced by the delay caused by the remand, that it has asserted seven other reasons for enjoining the procurement at issue beyond the OCI, and that the Coast Guard has had at least two previous opportunities to investigate the alleged OCI. *See generally* ECF No. 34.

Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC") allows the Court to order remand "of appropriate matters to an administrative or executive body or official." RCFC 52.2(a). In cases in which an agency seeks a remand without admitting error, "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). However, in such a case, the Court has

discretion to decide whether remand is appropriate. *Id.* In determining whether an agency's concern is substantial and legitimate, several judges of this Court, including the undersigned, have utilized the test articulated in *Ad Hoc Shrimp Trade Action Comm. v. United States*, 882 F. Supp. 2d 1377 (Ct. Int'l Trade 2013). *See, e.g.*, *Lyon v. United States*, 161 Fed. Cl. 88 (2022); *Owens & Minor Distr., Inc.*, 154 Fed. Cl. 349 (2021). Under that test,"[a]n agency's concerns are substantial and legitimate where (1) the agency provides a compelling justification for its remand request; (2) the need for finality does not outweigh the justification for voluntary remand presented by the agency; and (3) the scope of the agency's remand request is appropriate." *Keltner v. United States*, 148 Fed. Cl. 552, 564 (2020) (citing *Ad Hoc Shrimp Trade Action Comm.*, 882 F. Supp. 2d at 1381) (internal quotations omitted). Moreover, "the case law demonstrates that the trial court has substantial discretion depending on the timing of the government's motion, its representations regarding the reasons for a remand, the plaintiff's factual allegations viewed through the prism of the particular legal issues involved, and the overall fitness and completeness of the administrative record available for the Court's review." *Id*. at 563. "Thus, despite the tendency among courts to grant motions for remand, remand is not appropriate in all circumstances and the Court should only grant such a motion after serious consideration." *Trace Sys. Inc. v. United States*, No. 22-404 C, 2022 WL 2963486 (Fed. Cl. July 26, 2022) (citing *Rahman v. United States*, 149 Fed. Cl. 685, 690 (2020)).

Here, remand is not appropriate. First, not only is the agency not confessing error; it is also not confessing the fact that it has already decided the OCI issue. In its motion, the Government asserts that remand would "allow the Coast Guard to consider Piedmont's OCI allegations, document its analysis, and determine whether appropriate remedial measures should be taken." ECF No. 33 at 2. But the Coast Guard has already at least once considered Plaintiff's OCI allegation and denied it. *See* ECF No. 34-2; *see also* ECF No. 1-23. While the denial letter does not address the OCI allegation in particular, much less articulate a basis for denying that an OCI exists, the Court has to presume that when Plaintiff brought an OCI allegation before the Coast Guard for agency-level review, the Coast Guard actually looked at it. In short, the Coast Guard has already "consider[ed] Piedmont's OCI allegations" and "determine[d] . . . appropriate remedial measures should [not] be taken." Thus, this remand request appears to actually be a request to give the agency the opportunity to "document its analysis." Although the Court may need to give the Coast Guard the opportunity to reconsider and/or document its OCI analysis at some point after examining the OCI issue on the merits, given the *seven* other grounds for protest and the fact that the Court can order a remand at a later date, remand is not warranted at this juncture.

The need to move forward with this bid protest (*i.e.*, the need for finality) and the timing of the Government's motion also support denying remand. As mentioned above, Plaintiff has asserted eight reasons for enjoining the Coast Guard from the proceeding with the solicitation at issue. Its OCI allegation is only one of those eight reasons, and it is an allegation that might be subsumed by other protest grounds. Moreover, the Government has known about this allegation for some time and has rejected it at least once. *See* ECF Nos. 1-21 and 1-23; ECF Nos. 34-1 and 34-2. Accordingly, this is not an instance in which the Government requests remand after it reads a Plaintiff's motion for judgment on the administrative record and only then can fully understand the nature of the protest ground and the possibility that further agency action may resolve the protest or greatly assist the Court in deciding the protest. The OCI allegation was

clearly made to the Coast Guard on March 30, 2023, as part of an agency-level protest and may have been discerned known by the Coast Guard as early as October 28, 2022, as part of a different agency-level protest brought by Plaintiff. It was also clearly alleged in Plaintiff's April 14, 2023, amended complaint. The Government thus should have been aware of this allegation before Plaintiff filed its motion for judgment on the administrative record and requested remand prior to the filing of Plaintiff's motion if remand was truly necessary. There is no reason to delay further consideration of this protest now (and after Plaintiff has incurred the time and expense of filing its motion) for the Coast Guard to examine an issue it has already rejected.

Therefore, the Government's motion to remand is **DENIED**. The Government (and Defendant-Intervenor if it so chooses) shall file its cross-motion and response on or before **May 18, 2023**, per the previously issued scheduling order in this case.

**IT IS SO ORDERED.**

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge